Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street
Suite 914
San Francisco, CA 94104
Ph: (415) 651-1951
Fax: (415) 500-8300
mark@aoblawyers.com

Attorneys for Plaintiff Gregory Orcutt

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gregory Orcutt, | Case No. |
|     Plaintiff, | |
|     v. | COMPLAINT |
| Nationstar Mortgage LLC, a Delaware limited liability company and Equifax Information Services LLC, a Georgia limited liability company, | (Fair Credit Reporting Act 15 USC § 1681 et seq) |
| | DEMAND FOR JURY TRIAL |
|     Defendants. | |

**Preliminary Statement**

1.  This is an action for damages brought by Gregory Orcutt against Nationstar Mortgage LLC and Equifax Information Services LLC for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq*. (FCRA) and the California Consumer Credit Reporting Agencies Act, Civil Code § 1785.25(a)-(c).

**The Parties**

2.  Plaintiff Gregory Orcutt is an individual consumer..

3.  Defendant Nationstar Mortgage, LLC is a Delaware limited liability company headquartered in Lewisville, Texas ("Nationstar"). Nationstar is one of the nation's leading mortgage servicers with loans having a principal balance over $318 billion.

4.  Defendant Equifax Information Services LLC is a limited liability company organized under the laws of Georgia.

## Jurisdiction & Venue

5.  The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p and supplemental jurisdiction over the California Civil Code claims pursuant to 15 USC § § 1367.

6.  The defendants regularly conduct business in this district. Plaintiff is a resident of San Rafael, California, and the events described in this complaint arose in this district.

## Description of the Case

7.  Plaintiff owns a condominium in San Rafael, California on which he obtained a loan from Nationstar in the amount of $176,083 in December 2006 secured by a second deed of trust.

8.  Due to some financial difficulties, on August 28, 2009, plaintiff filed a Chapter 13 petition in the U.S. Bankruptcy Court, case number 09-12768.

9.  On October 23, 2009, plaintiff filed an amended Chapter 13 plan on October 23, 2009, under which plaintiff proposed to file a motion to avoid Nationstar's lien on the condominium pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012 because the value of the property was less than what was owed to the holder of the loan secured by a 1st deed of trust.

10. Prior to the confirmation of plaintiff's Chapter 13 plan, plaintiff sought and obtained an order valuing Nationstar's junior deed of trust pursuant to 11 U.S.C. § 506.

11. On November 30, 2009, the Court entered an order that states Nationstar's lien is valued at zero, that Nationstar did not have a secured lien and it was unenforceable. The order further

12. provided that upon entry of discharge in the Chapter 13 case, the lien shall, without further order, be entirely permanently, and for all purposes void and unenforceable and shall be automatically extinguished (Docket 24).

13. On November 17, 2012, the Court found that plaintiff had fully performed the terms of the plan and entered an order discharging him of all debts provided for by the plan. The discharge caused Nationstar Mortgage's claim to be void and unenforceable.

14. Nothwithstanding, the bankruptcy court's orders, Nationstar failed to reconvey the extinguished lien. On January 28, 2013, plaintiff filed a complaint in the bankruptcy court concerning this matter. Faced with the complaint, on March 8, 2013, Nationstar's agent filed a substitution of trustee and reconveyance with respect to the deed of trust.

15. Despite the bankruptcy's orders that Nationstar's claim is null and void, Nationstar has continued to report to the three nationwide credit reporting agencies that the loan is past due in the amount of about $48,000 and that the loan balance is $175,349. The truth is that the balance is zero and there is nothing past due.

16. Plaintiff talked to Nationstar representatives by telephone about 20 times in 2013 during which conversations he explained he did not owe Nationstar anything and that Nationstar should not be reporting to the credit bureaus that he did owe money on the account.

17. Plaintiff also disputed Nationstar's credit reporting by contacting Experian, Equifax and Trans Union. In response, Experian and Trans Union corrected their reporting of the account; however, defendant Equifax failed and refused to correct its reporting.

18. Currently, Equifax continues to report that plaintiff is past due $48,011 and the loan balance is $175,349.

19. Nationstar continues to attempt to collect the non-existent debt. For example, on July 9, 2013, Nationstar sent plaintiff a dunning letter that states that as of the date of the letter, "the

amount of the debt that we are seeking to collect is $48,275.56" and even after payment of this amount, plaintiff is still obligated to make payments on the loan balance.

20. In September 2013, plaintiff notified Equifax that its report on the Nationstar account was inaccurate. On September 22, 2013, Equifax notified plaintiff it would not make any changes to its report that the account was past due $48,011 and the account balance was $175,349.

21. Upon receipt of plaintiff's dispute, Equifax was required by the FCRA to send an automated consumer dispute verification request to Nationstar asking it to investigate the dispute. Upon receipt of the request, Nationstar was obligated to conduct a reasonable investigation as to its credit reporting on the account. However, Nationstar failed and refused to conduct a reasonable investigation and instead merely verified its reporting as correct. All Nationstar had to do was review the Chapter 13 filings, which were readily available to it on the Pacer electronic system, and it would have seen plaintiff had no obligation to it whatsoever, there was nothing past due, and the loan balance was zero.

22. Nationstar's reports to the credit bureaus concerning the loan account were inaccurate, misleading, and incomplete.

23. Despite plaintiff's efforts, Nationstar and Equifax willfully, intentionally, recklessly and negligently repeatedly failed to follow procedures that would correct the inaccurate, misleading and incomplete credit information.

24. As a result of defendants' conduct, plaintiff has suffered actual damages in the form of (a) lost credit opportunities, b) harm to credit reputation and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration. Plaintiff will continue to suffer the same for an indefinite time in the future, all to plaintiff's great detriment and loss.

//

**First Claim: Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against Nationstar**

25. Plaintiff incorporates by reference ¶¶ 1-24.

26. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

27. Nationstar negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate, misleading, and incomplete.

28. Nationstar failed to conduct a reasonable investigation as to whether its credit reporting was accurate, misleading or incomplete.

29. Based on these violations of Civil Code § 1785.25 (a), plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**Second Claim: Violations of the Fair Credit Reporting Act—Against Nationstar**

30. Plaintiff incorporates by reference ¶¶ 1-29.

31. The FCRA requires a furnisher such as Nationstar, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by a furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

32. Within the last two years, defendant Nationstar provided inaccurate and misleading information to the credit reporting agencies.

33. Nationstar violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

    (a) willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiff disputed;

    (b) willfully and negligently failed to review all relevant information concerning plaintiff's accounts;

    (c) willfully and negligently failing to report the results of investigations to the three national credit reporting agencies;

    (d) willfully and negligently failing to report the inaccurate status of the inaccurate information to the credit reporting agencies;

    (e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by the credit reporting agencies concerning the inaccurate information disputed by plaintiff;

    (f) willfully and negligently failing to provide the credit reporting agencies with the factual information and evidence plaintiff submitted to defendants that proved that the information concerning plaintiff's credit reports was inaccurate;

    (g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiff's account to the credit reporting agencies;

    (h) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-s(b); and

34. As a result of the above-described violations of § 1681s-2(b), plaintiff has been damaged.

//

**Third Claim: Violations of the Fair Credit Reporting Act—Against Equifax**

35.   Plaintiff incorporates by reference ¶¶ 1 through 34.

36.   The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1)(A).

37.   In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

38.   Within the two years preceding the filing of this complaint, Plaintiff notified Equifax about the inaccuracies contained in its reports and asked it to correct the inaccuracies.

39.   Equifax failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed.

40.   Equifax failed to review and consider all relevant information submitted by Plaintiff.

41.   Equifax failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file in violation of 15 USC § 1681e(b).

42.   As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

43.   Equifax's violations of the FCRA were willful and therefore Plaintiff is therefore entitled to also seek statutory and punitive damages.

//

**PRAYER**

WHEREFORE, plaintiff prays for judgment as follows:

1. Actual, statutory and punitive damages;
2. Injunctive relief;
3. Costs and attorney's fees; and
4. Such other relief as the Court may deem proper.

Dated: October 22, 2013.

ANDERSON, OGILVIE & BREWER LLP

By  /s/ *Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated: October 22, 2013.

ANDERSON, OGILVIE & BREWER LLP

By */s/ Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff